VAN CLEEF v. SICKELS.(a)

In a judgment-creditor's bill against several, the averment must be that the sum due exceeds 100$ over and above just claims of every sort in favor of any and every party against whom the judgment was rendered. An allegation as to the set-off or claims of one of the debtors only will not be sufficient.

Court can dispense with parties as defendants who are insolvent and where those before the court cannot be benefitted by having them brought in.

Where judgment creditors file a bill upon a judgment obtained against several, there will be no necessity for making those of the debtors parties who are insolvent and destitute of property, provided their being so plainly appears upon the bill.

If a judgment creditor files a bill against several, and one denies having property which is not disproved, the bill may have to be dismissed with costs as to him, although it will be retained as to others.

*October* 14, 1834.

*Debtor and Creditor.*
*Parties.*

Judgment creditor's bill filed against George G. Sickels only. The judgment had been obtained in the Supreme Court against Alfred Moore, William Moore, George G. Sickels, Barzilla Smith and Thomas G. Fletcher, upon a promissory note drawn by William Moore and Alfred Moore as joint makers and co-partners, and endorsed by Sickels, Smith and Fletcher as joint dealers or co-partners under the style of George G. Sickels & Co. The process by which the action at law was commenced was served upon William Moore and upon Sickels and Fletcher, the proceedings being against them and Alfred Moore and Barzilla Smith as joint debtors—but the two latter could not be found to be served with the process. An execution upon the judgment was issued to the sheriff of the city and county of New York where all the parties resided, except Barzilla Smith, whose residence the complainant did not know. Upon the writ of *fieri facias* was endorsed a direction to the sheriff to levy on the property of William Moore, George G. Sickels and Thomas G. Fletcher, and on the personal property owned

(a) See this case reported on appeal, 5 Paige's C. R. 505.

by William Moore as a partner of Alfred Moore, and also on the personal property of Sickels and Fletcher owned by them as partners with Smith. The sheriff returned the execution *nulla bona*. After setting forth the above facts, the bill went on to say that the whole amount of the judgment with interest was still due and owing to the complainant over and above all "prior" just claims of the defendant Sickels by way of offset or otherwise ; and that he had reason to believe and did believe that the said defendant Sickels had equitable interests, things in action and other property of the value of one hundred dollars or more, exclusive of all " prior " just claims thereon which the complainant had been unable to discover and reach by execution on the judgment. It also denied collusion. And then came an excuse for not making William Moore, Alfred Moore, Barzilla Smith and Thomas G. Fletcher parties to the bill, namely, that from the information which the complainant had received and which he believed to be true, and the advice of his counsel, he was fearful that if he made them parties, he would have to pay them costs. The bill prayed discovery and relief against the defendant Sickels in the usual form.

A demurrer was interposed ; and the grounds of it were, that all the persons, against whom the judgment was recovered, were necessary parties and should have been made defendants—especially Alfred Moore and Barzilla Smith— inasmuch as they were jointly liable and yet no legal process was served upon them ; and generally, because the complainant had not made such a case by his bill as entitled him to discovery or relief.

Mr. *A. D. Logan*, for the complainant.

Mr. *H. Brewster*, for the defendant.

THE VICE-CHANCELLOR :—The bill is defective in one or two particulars—even supposing there is no want of proper parties. It avers the amount of the judgment to be still owing over and above all " prior just claims by way of offset or otherwise." The word *prior* should have been omit-

1834.

VAN CLEEF
v.
SICKELS.

*January* 12,
1835.

ted.    There may possibly be claims which have accrued sub-
sequently to the judgment forming a good set-off and reduce
the amount below one hundred dollars, and thus take away
the right to file a bill in this court.    Nor does the expres-
sion " still due " obviate the objection.    Again, the aver-
ment only negatives any claims of the defendant George G.
Sickels by way of set-off :—now, some of the other defend-
ants in the judgment may have just claims, and as the object
of the bill, requiring an averment of this sort, is to show that
the case in point of amount is not beneath the jurisdiction
of the court, I consider the averment should show that the
sum due exceeds one hundred dollars over and above just
claims of every sort in favor of any party against whom the
judgment was rendered.

But the material question upon the demurrer is, whether
the judgment creditor can exhibit a bill here without making
all the debtors in the judgment parties to the suit ?

I have heretofore had occasion to decide, upon demurrer
to a bill, that all the defendants in a judgment were not ne-
cessarily to be made parties to the suit, but that the creditor
might select such one or more of them as he could ascertain
possessed the means of paying the judgment or some part
of it and omit the rest.    This, I believe, has often been done
in practice, and I should have entertained no doubt of the
correctness of the course, were it not for an intimation to
the contrary in *Child* v. *Brace*, 4 Paige's C. R. 309.    But,
the point, in truth, was not there expressly adjudicated by
the chancellor : the objection not having been raised by de-
murrer or insisted upon in the answers ; and his honor has
only made the observation that the objection of a want of
parties, by omitting some of the joint debtors or defendants
in the judgment, would probably be valid if made in proper
time.    The question, I take it, is still an open one ; but the
strong inclination, as I believe, of the chancellor's mind
serves to admonish me of the propriety of bestowing a little
more reflection upon it.    It is a matter of considerable im-
portance in practice, and the point should be definitively
settled.

The objection to proceeding in this manner against one
of a number of defendants in a judgment, seems founded

upon the general rule that where there is a joint or a joint and several liability for a debt, the payment of which is sought to be enforced in equity, the plaintiff must bring each of the debtors or their legal representatives before the court: see *Bland* v. *Winter*, 1 Sim. & S. 246. The reasons assigned for the rule are, that the debtors are entitled to the assistance of each other in making a defence and in taking accounts, and also to contribution where one pays more than his share of the debt, so that when all are before the court a contribution may be compelled directly and circuity avoided. But when the reasons for the rule do not exist, it is very properly held not to apply, and a variety of cases are admitted to form exceptions to it: *Madox* v. *Jackson*, 3 Atk. 406 ; *Van Reimsdyk* v. *Kane*, 1 Gallison, 383. In *Madox* v. *Jackson*, where a bill was filed by the obligee of a bond against one obligor and the representatives of another, omitting the representatives of a third obligor and alleging his dying insolvent, Lord Hardwicke overruled an objection of want of parties. So in *Angerstein* v. *Clark*, Dick. 738, S. C. 3 Swanst. 147, n., Lord Thurlow considered that the insolvency of one of several co-obligors being stated in the bill, and admitted, was sufficient to dispense with his being brought before the court. Lord Eldon's remarks in *Cockburn* v. *Thompson*, 16 Ves. 326, are to the same effect. An insolvent obligor may, however, be made a party at the option of the complainant, and will not on that account be entitled to his costs : *Haywood* v. *Ovey*, 6 Mad. C. R. 113.

In a variety of other cases, the rule has been held not to apply ; and as it has been made for the benefit of defendants, it is obvious the court may dispense with its observance when it is manifest that the defendants before the court can have no right to contribution from others or when, from insolvency or other special cause, it is made to appear that they cannot be benefited by having other parties made defendants with them.

It appears to me that creditor's bills, founded upon judgments at law and executions returned unsatisfied against joint debtors, are special cases under our system as now modified and established, which must, from necessity, be excepted from the ordinary rule requiring all joint debtors to

be made parties to the suit. The equity of these bills, in general, consists not merely in the existing indebtedness, the recovery of a judgment and the issuing and return of an execution unsatisfied—these are facts necessary to be stated in order to show that the creditors pursuit of his legal remedy has proved unavailing. The court of law having exhausted its power in his behalf, he then applies to equity for its more searching and powerful aid; and the ground for the application is, that the debtor possesses property or means of some kind which ought to be applied to the payment of the debt, but which he keeps concealed or refuses to discover and fraudulently withholds from the creditor. From such facts it is that this court acquires jurisdiction to compel a discovery and surrender of the debtor's property in order to have it applied to the satisfaction of the judgment. It is only for this purpose its authority is invoked, and upon this ground it lends its aid to reach such property as a court of law, from its established forms and course of proceeding, could not reach.

There is another important feature in regard to the exercise of this court's jurisdiction: the debt must not only amount to one hundred dollars, but the property of the debtor, when discovered, must likewise exceed that amount in value or the court may be obliged to dismiss the bill with costs: 2 R. S. 173, § 37; and by way of assurance to the court that it has jurisdiction and can take cognizance of the case, certain averments are required respecting the amount due on the judgment and the defendant's having or being entitled to property: Rule 189. These averments are so essential that their omission renders the bill so imperfect as to be good ground for a demurrer: *Mc Elwain* v. *Willis*, 3 Paige's C. R. 505. The possession and concealment or withholding of property to the amount of at least one hundred dollars is, therefore, a necessary ingredient in the foundation and equity of these bills; and it may apply to one only out of a number of joint debtors by judgment—one may be possessed of property and be disposed at the same time to act fraudulently, whilst his co-defendants may be destitute of any means and entirely innocent of concealment or other fraud. Is not the creditor then in such a case

to be at liberty to exhibit his bill against the fraudulent one?—or must he necessarily implicate the innocent or be deprived of the right to proceed with his suit? How can he, indeed, make the averment which the rule requires so as to bring in those as parties to the bill whose circumstances he is entirely ignorant of or who he has no reason to believe are otherwise than poor and honest? Some of a number of joint debtors may be of this description and, so, there may be no ground for a bill against them. The fraudulent concealment and withholding of property from the creditor may be the act of others, and this being a matter distinct in itself from the joint liability of all the debtors and forming in a great measure the ground of equitable interference, i appears to me the remedy may be pursued against them alone and without regard to the joint liability of those who are not concerned in the acts of which the party filing the bill complains. Still, all the debtors may be made defendants to the bill; and, perhaps, the general allegation or averment that the plaintiff has reason to believe and does believe that the defendants or some or one of them is possessed of or entitled to property, &c. would be sufficient—and yet I apprehend it would be at the hazard of costs, if it should prove to be untrue as to any one of the defendants who should sever in his defence.

If they should put in separate answers, as they may do, and any one should deny the allegation or, in other words, the equity of the bill as respected himself and the complainant should fail to disprove such denial, it might be incumbent upon the court to dismiss the bill as to such defendant with costs, notwithstanding, upon the discovery or proof of property as to another defendant, the court could retain it and decree relief. In case the complainant would be subjected to this consequence in respect to an innocent defendant, although a joint debtor with the rest, then it follows he should have the right to discriminate and proceed against the property of others, without having to bring such innocent one before the court; and this too more especially if the complainant can excuse the omission by an affirmative allegation, similar to the one contained in the present bill, that from the information which he had received and which he

verily believed to be true the persons omitted as defendants were destitute of property.

For these reasons I must adhere to the opinion which I have heretofore expressed; and overrule the present demurrer, so far as it assigns for cause the non-joinder of the other judgment debtors as parties.

In addition to the points founded upon the want of parties, it was said, upon the argument, that the complainant had not exhausted his legal remedy by such process of execution as was effectual to reach the individual property of all the defendants. The bill shows that two of the defendants could not be found to be served with the rest at the commencement of the suit. The plaintiff was, nevertheless, at liberty to proceed to judgment and execution, although in a modified form as respected any individual property of the two absent defendants. The proceedings were regular and valid —such as the law has prescribed—and for the purposes of a bill here I think the plaintiff must be considered as having fairly exhausted his legal remedy. I have no doubt upon this point.

The formal defects in the bill which I have mentioned as demurrable are not pointed out in the demurrer on the record. They go to the non-joinder of parties and a want of equity in the whole bill. The objections on this score have been taken *ore tenus,* and they are to be allowed: but with liberty to the complainant to amend his bill in this respect. Still, as the written demurrer is overruled, the defendant must pay the costs of it. *Robinson* v. *Smith,* 3 Paige's C. R. 222; *Garlick* v. *Strong,* Ib. 440.